UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SABAH JABER, individually and as representative
of a class of similarly situated persons,

      Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP, a
Delaware limited partnership,

      Defendant.
_____/

Case No. _____
Honorable

**HADOUS|CO. PLLC**
Nemer N. Hadous (CA: 264431)
24725 W. 12 Mile Rd., Ste. 110
Southfield, Michigan 48034
Phone: (248) 663-5155
Email: nhadous@hadousco.com
Attorneys for Plaintiff and Putative Class

**FAIRMAX LAW, PLLC**
Michael Jaafar (P-69782)
23400 Michigan Avenue, Ste. 110
Dearborn, Michigan 48124
Phone: (313) 846-6400
Email: mike@fairmaxlaw.com
Attorneys for Plaintiff and Putative Class

**REX ANDERSON, P.C.**
Rex C. Anderson (P-47068)
9459 Lapeer Rd. Ste. 101
Davison, Michigan 48423
Phone: (810) 653-3300
Email: rex@rexandersonpc.net
Attorneys for Plaintiff and Putative Class

## CLASS ACTION COMPLAINT

Plaintiff Sabah Jaber, ("Plaintiff"), brings this action on behalf of herself and all other persons similarly situated, through her attorneys, and except as to those allegations that pertain to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant GC Services Limited Partnership ("Defendant").

## PRELIMINARY STATEMENT

1.      The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.      This action challenges Defendant's policy and practice of mailing false, deceptive, and misleading collection letters to consumers whose credit card accounts have been placed for collection with Defendant.

3. Defendant conducts these debt collection activities in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") by systematically misrepresenting the character, amount, or status of the debt in violation of 15 U.S.C. § 1692e(2)(A) and e(10), by making false, deceptive and misleading representations in the collection of an alleged debt, and by attempting or threatening to collect amounts not authorized by contract or law in violation of 15 U.S.C. § 1692f(1).

4. On behalf of herself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under Fair Debt Collection Practices Act. 15 U.S.C. § 1692, et seq.

**JURISDICTION AND VENUE**

5. Plaintiff, on behalf of herself and on behalf of the class, incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

6. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d) (FDCPA) (permitting actions to enforce liability in an appropriate United States District Court).

7. Venue is proper in this District because Plaintiff resides in this District and Defendant regularly transacts business within this District, is otherwise

subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to this action occurred in this District.

## PARTIES

8. Plaintiff, on behalf of herself and on behalf of the class, incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

9. Plaintiff is an adult citizen and resident of Wayne County, Michigan. Plaintiff is a natural person obligated or allegedly obligated to pay a consumer debt and is therefore a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

10. Defendant is a limited partnership organized under the laws of the State of Delaware and is a "person," as defined by 47 U.S.C. § 153 (10). Defendant is authorized to conduct business in Michigan, and conducts business in Michigan on a routine and systematic basis. Defendant can be served with process through its Michigan statutory agent: The Corporation Company, 30600 Telegraph Road, Bingham Farm, Michigan 48025.

11. Defendant's principal purpose is the collection of debt and Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. Defendant regularly uses telephone and the mail to engage in the business of collecting debt in several states including, Michigan. Thus, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

12. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

13. Unless otherwise indicated, the use of Defendant in this Complaint includes all agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## FACTUAL ALLEGATIONS

14. Plaintiff, on behalf of herself and on behalf of the class, incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

15. Plaintiff is a victim of identity theft. An unauthorized individual opened a Citi account in her name and incurred charges without her consent, knowledge, or permission.[1]

16. The debt at issue arises out of alleged transactions that were primarily for personal, family or household purposes and, therefore, meets the definition of a "debt" under 15 U.S.C. 1692a(5).

---

[1] The Citi account information appeared on Plaintiff's TransUnion consumer disclosure (credit report). Plaintiff disputed this information with TransUnion, LLC, a national consumer reporting agency, and supplied TransUnion with an FTC Identity Theft Report, Identity Theft Affidavit, and police report. TransUnion forwarded the dispute to Citi, and the Citi account information was subsequently deleted from Plaintiff's consumer disclosure.

17. When this individual did not pay for these charges/purchases, Citi referred the delinquent account for collection to Defendant.

18. Citi ceased sending monthly billing statements to Plaintiff after June 2017 when it referred the delinquent account for collection to Defendant thereby waiving additional interest charges.

19. On June 20, 2017, Plaintiff began receiving collection letters from Defendant regarding the Citi account.

20. Defendant's written collection letters constitute a "communication" as that term is defined by 15 U.S.C. § 1692a(2), an "initial communication" consistent with 15 U.S.C. § 1692g(a), and a "debt collection" as that phrase is defined by 15 U.S.C. § 1692a(6).

21. Defendant's collection letters to Plaintiff list the claimed balance of $7,975.33 next to the term: "New Balance."  Ex. 1, June 20, 2017 Letter.

22. Defendant's collection letter warns, "Because of interest, late charges, and other charges that may vary from day to day, the amount owed on the day you pay may be greater." Ex. 1.

23. On August 27, 2017, Plaintiff received another (identical) collection letter from Defendant regarding the Citi account. Ex. 2, August 27, 2017 Letter.

24. Defendant lists the same "New Balance" of $7,975.33. Defendant warns, once more, "Because of interest, late charges, and other charges that may

vary from day to day, the amount owed on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you. " Ex. 2.

25. Defendant does not add interest, late charges, or the "other" unspecified charges that allegedly "vary from day to day" on Citi or other credit card accounts placed for collection with Defendant, and, as herein alleged, is not authorized by law or permitted by agreement to do so.

26. Defendant nonetheless threatens an increase in the account balance.

27. Defendant was not authorized by law or permitted by agreement to add "interest" to the Citi account when Defendant mailed collection letters to Plaintiff in an attempt to collect the alleged Citi credit card debt.

28. Defendant was not authorized by law or permitted by agreement to add "late charges" to the Citi account when Defendant mailed collection letters to Plaintiff in an attempt to collect the alleged Citi credit card debt.

29. Defendant was not authorized by law or permitted by agreement to add, and in fact did not add, other charges to the Citi account when Defendant mailed collection letters to Plaintiff in an attempt to collect the alleged Citi credit card debt.

30. The amount of the Citi account from which Defendant sought payment from Plaintiff has not varied since June 2017 when the balance was $7,975.33.

31. In August 2017, Defendant doubled the minimum payment, but did not increase in the total balance of $7,975.33.

32. As a standard practice, the original creditor, Citi waives interest, late charges, and other charges on its credit card account holders' debts after referring these to collection.

33. Citi's policy and practice is to stop charging interest on credit card debts after referring these to collection or ceasing monthly billing statements.

34. These policies and practices are for valid business reasons, including avoiding the expense thereof, and avoiding increasing the amount of bad debt on its balance sheet. See *McDonald v. Asset Acceptance LLC,* ED Michigan, No. 11-13080, (2012).

35. Defendant is not authorized to add any interest, late charges, or other charges to the Citi account, as the original creditor waived its right to do so.

36. Likewise, Defendant does not add interest, late charges, or other charges that may vary from day to day to credit card accounts referred for collection by the original creditor.

**DEFENDANT'S ROUTINE PRACTICES**

37. Plaintiff, on behalf of herself and on behalf of the class, incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

38. It is and was Defendant's policy and routine practice to send letters in the form of Exhibits 1 and 2, which are false deceptive, misleading, and misrepresent the alleged debt and consequence of non-payment.

39. It is and was Defendant's policy and routine practice to send letters in the form of Exhibits 1 and 2, which are false deceptive, misleading, and misrepresent the addressee's responsibility for the alleged debt.

40. It is and was Defendant's policy and routine practice to send letters in the form of Exhibit 1, which are false deceptive, misleading, and misrepresent the consequence of non-payment of the alleged debt.

41. It is and was Defendant's policy and routine practice to send letters in the form of Exhibit 1, which attempts to recover amounts not authorized by contract or law.

42. It is and was Defendant's policy and routine practice to send letters in the form of Exhibit 1 to addresses throughout the United States.

## CLASS ALLEGATIONS

43. Plaintiff, on behalf of herself and on behalf of the class, incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

44. Plaintiff asserts this action on behalf of herself and on behalf of a class of persons similarly situated pursuant to Fed. R. Civ. P. 23(a), 23(b)(3).

45. The Class is defined as: (i) all persons at a Michigan address, (ii) to whom Defendant sent, or caused to be sent, a letter in the form of Exhibits 1 and 2, that was not returned by postal service, (iii) in an attempt to collect a credit card debt referred by a credit card company, and which, as shown by the nature of the alleged debt, Defendant's records, or the records of the original creditors, was primarily for personal, family, or household purposes, (iv) during the one year period prior to the date of filing this action.

46. Defendant and its employees or agents are excluded from the Class.

47. Plaintiff does not know the exact number of persons in the Class, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

48. Plaintiff contemplates providing notice to the putative Class members by direct mail in the form of a postcard and via Internet website.

49. Joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court. The identity of the individual Class members is ascertainable through Defendant and/or Defendant's agents' records or by public notice.

50. <u>Commonality [Fed. R. Civ. P. 23(A)(2)]</u>. Common questions of law and fact apply to the claims of all Class members, and predominate over any issues affecting only individual class members. Material questions of law and fact common to the Class includes, without limitation:

(a) Whether Defendant's letter in the form of Exhibit 1 violates 15 U.S.C. §§ 1692e, and/or 1692f;

(b) The manner and method Defendant used to compile or obtain the list of names and addresses to which it sent Exhibit 1;

(c) Whether members of the Class are entitled to statutory damages pursuant to the FDCPA;

(d) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA; and

(e) Whether Defendant can prove the bona fide error defense.

51. <u>Typicality [Fed. R. Civ. P. 23(a)(3)]</u>. Plaintiff s claims are typical of the claims of all Class members. Plaintiff received collection letters sent on behalf of Defendant identified as Exhibit 1 during the class period. Plaintiff is making the

same claims and seeking the same relief for herself and all Class members based on the same federal statute, facts, and legal theories. Defendant has acted the same or in a similar manner with respect to Plaintiff and all the Class members.

52. <u>Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)]</u>. Plaintiff will fairly and adequately represent and protect the interest of the Class. Plaintiff is interested in this matter, has no conflicts, and has retained counsel experienced in class action litigation, consumer litigation, unlawful debt collection practice, and jury trials to represent the Class.

53. <u>Need for Consistent Standards and Practical Effect of Adjudication [Fed. R. Civ. P. 23(b)(1)]</u>. Class certification is appropriate because the prosecution of individual actions by Class members would: (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendant, and/or (b) as a practical matter, adjudication of Plaintiff's claims will be dispositive of the interests of Class members who are not parties.

54. <u>Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]</u>. Common questions of law and fact predominate and a class action is superior to other methods of adjudication, with the exception of differences in alleged amounts owing to Defendant, all Class members received identical collection correspondence from Defendant:

(a) Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

(b) Evidence regarding defenses or any exceptions to liability that Defendant may assert will come from Defendant's records and will not require individualized or separate inquires or proceedings;

(c) Defendant has acted continues to act pursuant to common policies or practices in the same or similar manner with respect to all Class members;

(d) The amount likely to be recovered by individual Class members does not support separate, individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

(e) This case will be inherently managed as a class action in that:

    (i) Defendant or its agents' computer and business records will enable Plaintiff to readily identify class members and establish liability and damages;

    (ii) Liability and damages can be established for Plaintiff and the Class with the same common proofs;

    (iii) Statutory damages are provided for in the statute and are the same for all Class members and can be calculated in the same or a similar manner;

  (iv) A class action will result in the orderly and expeditious administration of claims, and foster economies of time, effort and expense;

  (v) A class action will contribute to uniformity of decisions concerning Defendant's challenged practices and policies; and

  (vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

**COUNT I**
**FAIR DEBT COLLECTION PRACTICES ACT VIOLATION**

55. Plaintiff, on behalf of herself and on behalf of the Class, incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

56. Through its conduct described above, Defendant violates the FDCPA. Defendant's FDCPA violations include, without limitation, the following:

  (a) Defendant violates 15 U.S.C. §1692e of the FDCPA by making false, deceptive, and misleading representations in the collection of an alleged credit card debt by threatening to add interest, late charges, and other unspecified charges that may vary from day to day, when Defendant is not authorized by law or permitted by agreement to include such amounts, the original creditor has waived pursuit of interest or late charges, and/or Defendant and the original creditor have a policy of

not seeking additional interest, late charges, and other unspecified charges after the account is referred to Defendant.

(b) Defendant violates 15 U.S.C. §1692f of the FDCPA by using unfair and unconscionable means in connection with collection of an alleged debt by threatening to collect interest, late charges and other unspecified charges without authority or intent to do so as herein alleged.

57. Defendant's conduct is specifically intended for the purpose of collecting or attempting collect an alleged credit card debt from Plaintiff and putative Class members.

58. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff and to the Class members for statutory damages, costs, and attorney fees.

## **PRAYER FOR RELIEF**

59. WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment for herself and the Class for the following:

(a) Certification to proceed as a class action as requested herein;

(b) Appointment of Plaintiff as Class representative;

(c) Appointment of Plaintiff's counsel as Class counsel;

(d) An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. §§ 1692k(a)(1), and 1692k(a)(2)(A), for each plaintiff and Class member;

(e) An award of costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f) Any and all other relief this Honorable Court deems just and proper.

## JURY DEMAND

60. Plaintiff, on behalf of herself and on behalf of the class, hereby demands a jury trial on all issues so triable in Detroit, Michigan.

**RESPECTFULLY SUBMITTED** this 8th day of December 2017,

**HADOUS|CO. PLLC**

/s/Nemer N. Hadous
Nemer N. Hadous, (CA: 264431)
24725 W. 12 Mile Rd., Ste. 110
Southfield, Michigan 48034
Phone: (248) 663-5155
Email: nhadous@hadousco.com
Attorneys for Plaintiff and Putative Class

**REX ANDERSON, PC**

/s/Rex C. Anderson
Rex C. Anderson, (P47068)
9459 Lapeer Rd. Ste. 101
Davison, Michigan 48423
Phone: (810) 653-3300
Email: mied@rexandersonpc.com
Email: rex@rexandersonpc.net
Attorney for Plaintiff and Putative Class

**FAIRMAX LAW**

/s/Michael Jaafar
Michael Jaafar, (P-69782)
23400 Michigan Avenue, Ste. 110
Dearborn, Michigan 48124
Phone: (313) 846-6400
Email: mike@fairmaxlaw.com
Attorneys for Plaintiff and Putative Class