UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SABAH JABER, individually, and as
representative of a class of
similarly situated persons,

    Plaintiff,                        Case No. 17-19371
                                        District Judge Victoria A. Roberts
v.                                         Magistrate Judge Stephanie Dawkins Davis

GC SERVICES LIMITED
PARTNERSHIP

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY CLASS

**I.    INTRODUCTION**

Sabah Jaber seeks to certify a class of Michigan consumers, whom she says received debt collection letters from Defendant GC Services Limited Partnership ("GC") in violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692e and 1692f. Jaber contends GC's use of certain language, which threatens to impose interest, late charges, and other unspecified charges, is in violation of the FDCPA.

GC opposes class certification for three reasons. It says: (1) Jaber does not have standing to pursue her claim because she has not shown a concrete and particularized injury; (2) Jaber's class definition is overly broad; and (3) Jaber cannot meet the requirements of Fed. R. Civ. P. 23.

1

Because Jaber's class definition is overly broad, and because she cannot satisfy the numerosity, commonality, or typicality requirements of Fed. R. Civ. P. 23, the Court **DENIES** her Motion for Class Certification without prejudice.

## II.   FACTUAL BACKGROUND

GC is a debt collector. Jaber's creditor submitted credit card debt incurred in her name to GC for collection. GC sent the first collection letter to Jaber on June 20, 2017. It included the following language:

> Because of interest, late charges, and other charges that may vary from day to day, the amount owed on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you.

After this first letter was sent, Jaber contacted GC and said she was the victim of identity theft. GC reported Jaber's identity theft claim to the creditor. The creditor investigated this fraud claim and concluded there was no fraud. Subsequently, the creditor placed Jaber's account with GC again for collection. GC sent a second, identical letter to Jaber on August 27, 2017. The above language in the GC letters is the basis for Jaber's claims.

## III.   LEGAL STANDARD

A case may proceed as a class action if the party seeking class certification demonstrates that:

(1) The class is so numerous that joinder of all members is impracticable,

(2) There are questions of law or fact common to the class,

(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) The representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23; *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011).

A party seeking class certification bears the burden to demonstrate compliance with Fed. R. Civ. P. 23. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011). "A district court retains broad discretion in determining whether an action should be certified as a class action, and its decision, based upon the particular facts of the case, should not be overturned absent a showing of abuse of discretion." *Sterling v. Velsicol Chemical Corp.,* 855 F.2d 1188, 1197 (6th Cir. 1988).

The Court is required to "conduct a 'rigorous analysis' into whether the prerequisites of Rule 23 are met before certifying a class." *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1078-79 (6th Cir. 1996) (citing *General Tel. Co. v. Falcon,* 457 U.S. 147, 161 (1982)).

Frequently, the rigorous analysis "will entail some overlap with the merits of [] plaintiff's underlying claim. That cannot be helped. '[The] class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Wal-Mart Stores,* 564 U.S. at 351 (quoting *Falcon*, 457 U.S. at 160)).

Here, the Court finds such overlaps; the merits of Jaber's case will be addressed.

3

## IV. DISCUSSION

### a. Jaber has Standing to Bring a Claim Under §§ 1692e and f

GC asks the Court to dismiss Jaber's case for lack of subject matter jurisdiction. It says Jaber does not have Article III standing because she has not suffered a concrete and particularized injury. GC takes this position because Jaber knew at the time she received the GC letters - notwithstanding GC's collection efforts - that she had been a victim of identity theft and did not owe the debt. *See Spokeo, Inc. v. Robins,* 136 S.Ct. 1540 (2016).

Jaber has standing to pursue her claim for two reasons: (1) the FDCPA defines a "consumer" as "any natural person obligated or *allegedly obligated* to pay any debt." 15 U.S.C. § 1692a(3) (emphasis added); and (2) the Sixth Circuit noted the FDCPA protects individuals from abusive collection practices regardless of whether the debt is valid. *Schroyer v. Frankel,* 197 F.3d 1170, 1178 (6th Cir. 1999) (quoting *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992) (quoting 15 U.S.C. § 1692a).

GC relies on *Hagy v. Demers & Adams, LLC,* 882 F.3d 616 (6th Cir. 2018). Its reliance is misplaced; the facts are distinguishable. In *Hagy,* plaintiffs received a letter releasing them from a debt obligation. The court found that, while the defendant had violated a different section of the FDCPA because the collection letter failed to disclose it was from a debt collector, the plaintiffs suffered no injury, and, therefore, had no standing. The Court held that instead of injuring plaintiffs, the release letter provided them peace of mind. *Hagy,* 882 F.3d at 621. Here, Jaber was allegedly obligated to pay the debt when she received both collection letters from GC.

4

Jaber has standing to sue under §§ 1692e and f.

### b. Class Certification under Fed. R. Civ. P. 23

#### 1. Jaber's Class Definition is Overly Broad

Jaber seeks to certify a class of:

> (i) all persons at a Michigan address, (ii) to whom Defendant sent, or caused to be sent, a letter in the form of Exhibits 1 and 2, that was not returned by postal service, (iii) in an attempt to collect a credit card debt referred by a credit card company, and which, as shown by the nature of the alleged debt, Defendant's records, or the records of the original creditors, was primarily for personal, family, or household purposes, (iv) during the one year period prior to the date of filing this action.

Plaintiff's Complaint. [ECF. No. 1; Page ID.10].

Before a court may certify a class pursuant to Rule 23, "the class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class." *Young v. Nationwide Mut. Ins. Co.,* 693 F.3d 532, 537-38 (6th Cir. 2012) (internal citations omitted).

GC says Jaber's class definition is too broad because it includes persons who do not have a claim under the FDCPA. GC says the language in dispute is known as the "*Miller*" language and is proper and necessary to include where the debt collector's client – the creditor – may legitimately charge interest, late charges, and other charges under specific cardmember agreements. *See Miller v. McCalla, Raymer, Padrick, Cobb Nichols, and Clark, L.L.C.,* (214 F.3d 872). Specifically, it says the creditor may charge additional interest and other fees until the account is charged-off. GC does not define "charged off." However, it appears that a "charged off" account is one that the creditor deems "uncollectible and at least partially worthless." Typically, the creditor will no longer charge

5

interest to that account. *Stratton v. Portfolio Recovery Associates, LLC,* 770 F.3d 443, 446 (6th Cir. 2014).

Because some putative class members accounts had not been "charged off" when the collections letters were sent, GC says the *Miller* language was appropriate.

Whether the creditor has a practice of accruing charges once accounts are placed in collections, charged off or not, is a factual dispute between Jaber and GC. Jaber tries to capture an entire group of people as plaintiffs for whom the practice of charging additional interest and fees may be completely legal under their own cardmember agreements.

Jaber's class definition is too broad.

### 2. Jaber Cannot Satisfy the Numerosity Requirement of Fed. R. Civ. P. 23

To prove numerosity, a plaintiff must demonstrate that the putative class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There is no strict numerical test for determining impracticability of joinder. *In re American Medical Systems, Inc.,* 75 F.3d 1069, 1079 (6th Cir. 1996). However, "impracticability of joinder must be positively shown, and cannot be speculative." *Golden v. City of Columbus,* 404 F.3d 950, 966 (6th Cir. 2005) (quoting *McGee v. East Ohio Gas Co.,* 200 F.R.D. 382, 389 (S.D. Ohio 2001)).

Jaber says numerosity is satisfied because GC sent collection letters containing the *Miller* language to more than 600 Michigan consumers during the relevant time period.

GC does not dispute this number, but it says merely referring to this number is insufficient for Jaber to satisfy her burden. The Court agrees.

Although more than 600 Michigan consumers received similar collection letters from GC, the number of putative class members is speculative because of the factual dispute outlined above: whether the putative class includes a group of people for whom the practice of charging additional interest and fees is completely legal. The unrefined number Jaber relies on is too speculative to satisfy the numerosity requirement.

### 3. Jaber Cannot Satisfy the Commonality Requirement of Rule 23

Jaber says commonality is satisfied because each proposed class member received the same letter from GC with the *Miller* language. *See Macy v. GC Services Limited Partnership,* 897 F.3d 747 (6th Cir. 2018), where the Sixth Circuit affirmed the district court's holding that commonality was satisfied where the defendant sent similar collection letters to the proposed class members. 897 F.3d at 762.

GC says Jaber cannot satisfy commonality because whether the *Miller* language violates the FDCPA cannot be answered the same for each proposed class member. The Court agrees, and believes there will have to be an individualized inquiry into each proposed class member's card agreement with the creditor.

Commonality requires the plaintiff to demonstrate that the proposed class members have suffered the same injury. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 349-50 (internal citation omitted). "This does not mean merely that they have all suffered a violation of the same provision of law." *Id.* Their claims "must depend upon a common

7

contention…that is capable of classwide resolution…which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

The question of whether the putative class includes a group of people for whom the practice of charging additional interest and fees is completely legal prevents Jaber from establishing commonality with her proposed class members. *See Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. at 349-50.

Jaber cannot satisfy the commonality requirement.

### 4. Jaber Cannot Satisfy the Typicality Requirement of Rule 23

Typicality is satisfied when a plaintiff's claim "arises from the same event, practice, or course of conduct that gives rise to the claims of other class members and if his or her claims are based on the same legal theory." *Macy v. GC Services Limited Partnership,* 318 F.R.D. 335, 339 (2017) (quoting 2 William B. Rubenstein, *Newburg on Class Actions* § 3:29 (5th ed. 2016)).

Jaber says typicality is satisfied because each proposed class member received GC letters with the *Miller* language, and all have claims identical to Jaber because of that. *See In re American Medical Systems, Inc.,* 75 F.3d 1069, 1082 (6th Cir. 1996) ("[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if her or her claims are based on the same legal theory.")).

GC says Jaber cannot satisfy typicality because she does not have a claim under the FDCPA based on her known status as a victim of identity theft. GC says her circumstances differ from those of the proposed class members.

Jaber cites to the Sixth Circuit in *Senter v. Gen. Motors Corp.,* 532 F.2d 511, 525, n.31, where it said "a representative's claim need not always involve the same facts or law, provided there is a common element of fact or law." However, the Sixth Circuit has since said "as goes the claim of the named plaintiff, so go the claims of the class." *Sprague v. General Motors Corp.,* 133 F.3d 388, 399 (6th Cir. 1998). The Sixth Circuit, in an unpublished opinion, later said, "[w]here a class definition encompasses many individuals who have no claim at all to the relief requested, or where there are defenses unique to the individual claims of the class members, *Beck v. Maximus, Inc.,* 457 F.3d 291, 296 (3d. Cir. 2006), the typicality premise is lacking, for – under those circumstances – it cannot be said that a class member who proves his own claim would necessarily prove the claims of other class members." *Romberio v. Unumprovident Corp.,* 385 Fed.Appx. 423, 431 (6th Cir. 2009).

Without determining whether Jaber has a valid claim or not, the Court finds Jaber's unique situation –that she was a victim of identity theft – prevents her from establishing that her claim is typical of those of the proposed class members.

## V. CONCLUSION

Because Jaber's class definition is too broad, and because she fails to satisfy the numerosity, commonality, and typicality requirements, the Court declines to discuss the remaining requirements of Rule 23.

9

The Court **DENIES** Jaber's Motion for Class Certification without prejudice.

**IT IS ORDERED.**

Dated: June 24, 2019

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge